# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| AGRIPROCESSORS, INC. ) | |
| ) | BANKRUPTCY NO. 08-02751 |
|    Debtor. ) | |
| ) | |
| JOSEPH E. SARACHEK, in his ) | |
| capacity as CHAPTER 7 TRUSTEE, ) | ADVERSARY NO. 10-09217 |
| ) | |
|    Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| HILGAR, LTD., ) | |
| ) | |
|    Defendant. ) | |

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

The Chapter 7 Trustee brought this case against Defendant Hilgar, Ltd., alleging it received preferential transfers or fraudulent conveyances from Debtor. Defendant filed this Motion seeking summary judgment on the entire fraudulent conveyance claim and on all but $27,000 of the preferential transfer claim. On January 3, 2014, the Court held a hearing on the matter. Desirée Kilburg appeared on behalf of the Trustee. Christopher Fry appeared on behalf of Defendant. After hearing arguments, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

## STATEMENT OF THE CASE

The Trustee seeks to recover $3,996,371 of payments Debtor made to Defendant as either fraudulent conveyances under 11 U.S.C. § 548 or as preferential transfers under 11 U.S.C. § 547(b). Defendant argues summary judgment is appropriate on the entire fraudulent conveyance theory of recovery because Defendant provided Debtor reasonably equivalent value in exchange for payments. Defendant argues for partial summary judgment on the preference claims because Defendant supplied Debtor with "new value" in exchange for all but $27,000 of the payments.

For purposes of this motion, the parties agree on the number of transfers (seventy-three) and the total value at issue ($3,996,371). Trustee resists Defendant's Motion for Summary Judgment arguing that there are material facts in dispute. In particular, Trustee argues that a number of the transfers Defendant claims it made to Debtor for "new value" were actually transfers by another party and Defendant cannot use those transfers for its defense. Trustee thus argues, at a minimum, that fact issues remain regarding whether Defendant provided new value. Trustee further argues that even if there was new value, that amount should be reduced by any security interests Defendant held against Debtor. After a careful review of the record, the Court agrees with Trustee and concludes that genuine issues of material fact remain for trial.

## FACTUAL BACKGROUND

Debtor owned and operated one of the nation's largest kosher meatpacking and food-processing facilities in Postville, Iowa. On November 4, 2008, Debtor filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York. Debtor's petition and accompanying documents recited that its financial difficulties resulted from a raid conducted by U.S. Immigrations and Customs Enforcement. The raid led to numerous federal criminal charges, including charges against Debtor's President, Sholom Rubashkin.

The court approved the appointment of Joseph E. Saracheck as the Chapter 11 Trustee. The court concluded that appointing a trustee was necessary under 11 U.S.C. § 1104(a)(1), "for cause, including fraud, dishonest, incompetence, or gross mismanagement of the affairs of the debtor by current management." The court later transferred the case to this Court on December 15, 2008. This Court converted the case to a Chapter 7 bankruptcy. The U.S. Trustee for this region retained Mr. Sarachek as the Chapter 7 Trustee.

Defendant in this adversary proceeding is an Israeli investment company that chiefly makes business loans. According to Joseph Schochet ("Schochet"), one of Defendant's investors, Defendant has only one bank account, which is held in Zurich, Switzerland. Defendant and Debtor have had a business relationship for approximately twenty years. For many years, Defendant would lend to Debtor and

Debtor would repay Defendant by sending Defendant a series of post-dated checks. At some point, Defendant began requiring Debtor to make loan payments by wire transfers instead of post-dated checks. During the two-year pre-petition period at issue here, all of the loans Defendant made to Debtor were via wire transfer.

During the same period, Schochet made loans to Debtor out of Schochet's personal account on behalf of Defendant. Defendant states that Schochet made loans to Debtor after Debtor's borrowing capacity with Defendant was exhausted.

Trustee brought this action seeking recovery of the payments Debtor made to Defendant either as fraudulent conveyances or preferential transfers. Defendant moved for summary judgment arguing that it provided new value or reasonably equivalent value in exchange for all or most of the $3,996,371 in payments it received during the two-year pre-petition period. While the parties agree that some of the transfers made from Debtor to Defendant were in satisfaction of or on account of an obligation Debtor owed to Defendant, the parties strongly disagree on the amount, or the extent to which, Defendant provided such value.

## CONCLUSIONS OF LAW

### I.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56

4

to adversary proceedings). Substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material fact dispute is one that "might affect the outcome of the suit." Id. An issue is genuine when reasonable minds could differ as to the verdict of the case because of that issue. Id. at 251–52 (explaining that the facts cannot be "so one-sided that one party must prevail as a matter of law"). At this point in the litigation, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The moving party bears the burden of showing there are no genuine issues of material fact. Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007).

While the movant must point out that there is no genuine issue of fact, "[t]he non-moving party then must set forth specific facts showing a genuine issue of material fact for trial." In re Paul, 488 B.R. 104, 106 (B.A.P. 8th Cir. 2013) (citing Anderson, 477 U.S. at 256). That is, defeating summary judgment here requires the Trustee to "present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997) (quoting Rolscreen Co. v. Pell Prods. of St. Louis, Inc., 64 F.3d 1202, 1211 (8th Cir. 1995)). The Court will view the facts and make "all reasonable inferences in the light most favorable to the nonmoving party." Reed v. City of St. Charles, Mo., 561 F.3d 788, 790 (8th Cir. 2009).

## II. Genuine Issues of Material Fact Preclude Summary Judgment for Defendant on the Fraudulent Transfer Claims

Under § 548 of the Bankruptcy Code, the Trustee may avoid transfers from Debtor to Defendant that constitute either actual fraud or constructive fraud. Actual fraud is present where a debtor acts with "actual intent to hinder, delay, or defraud" creditors. 11 U.S.C. § 548(a)(1)(A). Constructive fraud is present where a debtor "received less than a reasonably equivalent value in exchange for [a] transfer or obligation" and the debtor is either insolvent, unable to pay debts, or made the transfer to an insider. Id. § 548(a)(1)(B)(i)–(ii)(IV). "Value" includes property "or satisfaction or securing of a present or antecedent debt of the debtor." Id. § 548(d)(2)(A). Trustee alleges only a constructive fraud theory of recovery here.

Defendant's main defense is that it provided "reasonably equivalent value" to Debtor in exchange for payments Defendant received from Debtor. If a debtor received reasonably equivalent value, constructive fraud is not present. See Stalnaker v. Gratton (In re Rosen Auto Leasing, Inc.), 346 B.R. 798, 805 (B.A.P. 8th Cir. 2006) (finding no fraudulent conveyance where a transferee wrote a check equal to the amount of outstanding debt, satisfying the claim). Defendant argues that the disputed transfers were not actually or constructively fraudulent because Defendant provided Debtor with "reasonably equivalent value." Generally, whether a debtor received "reasonably equivalent value" is a question of fact. See

6

Kaler v. Able Debt Settlement, Inc. (In re Kendall), 440 B.R. 526, 532 (B.A.P. 8th Cir. 2010) (citing In re Ozark Rest. Equip. Co., 850 F.2d 342, 344 (8th Cir. 1988)). Three inquires guide the Court on this issue: whether "(1) value was given; (2) it was given in exchange for the transfers; and (3) what was transferred was reasonably equivalent to what was received." Sullivan v. Schultz (In re Schultz), 368 B.R. 836 (Bankr. D. Minn. 2007); see also In re Rosen Auto Leasing, Inc., 346 B.R. at 805. "Retirement of prior debt is reasonably equivalent value for purpose of the fraudulent conveyance defense." Saracheck v. Twin City Poultry (In re Agriprocessors, Inc.), No. 10-09220, 2013 Bankr. LEXIS 1398, at *14 (Bankr. N.D. Iowa, April 3, 2013).

Defendant made loans to Debtor. Schochet also made loans to Debtor, allegedly on Defendant's behalf. The record does not reveal how much Defendant loaned, how much Schochet loaned, and on what basis. Debtor did not maintain accurate business records. It is unclear from Defendant's records whether Defendant in fact provided reasonably equivalent value to Debtor. Debtor did not have a regular payment or repayment schedule with Defendant. Defendant does not show that the payments it received from Debtor in the two years before bankruptcy were repayments of a current or antecedent debt. See id.

Defendant presents a table tracking and matching the parties' transfers in late 2006, but the payments from 2007–2008 (the relevant period) lack similar

7

documentation. The Court concludes factual issues remain regarding whether all of the payments from Debtor to Defendant constituted reasonably equivalent value. Therefore, summary judgment cannot be granted on Trustee's fraudulent conveyance claim.

### III. Genuine Issues of Material Fact Similarly Preclude Summary Judgment for Defendant on the Preferential Transfer Claims

Defendant also moves for partial summary judgment on the preferential transfer claims. Section 547 of the Bankruptcy Code defines preferential transfers, detailing five required elements. 11 U.S.C. § 547(b). The transfer must: (1) benefit the creditor; (2) be on account of the debtor's antecedent debt; (3) be made while the debtor is insolvent; (4) made 90 days or less before the debtor filed for bankruptcy, or within a year if the creditor is an insider; and (5) result in a greater benefit to the creditor than if the debtor filed a Chapter 7 bankruptcy. Id. Even if the trustee demonstrates a transfer meets all five of these required elements, the trustee may not avoid the types of transfers set out in § 547(c). There are affirmative defenses to Trustee's preference claims. Defendant raises two of these defenses here: that the transfers were made in the ordinary course of business or that the creditor gave the debtor new value. Id. §§ 547(c)(2), (4). Defendant bears the burden of establishing these defenses. Id. § 547(g).

The parties agree that in the one-year period before Debtor's petition (the maximum preference recovery period), Debtor transferred $1,861,034 to

8

Defendant.  In addition, it is undisputed that Defendant held two notes from Debtor and six mortgages from third parties securing debts owed by Debtor.  Defendant concedes that two payments, with a value of $27,000, were not followed by an advance of new value and thus could be preferential transfers.  This is why Defendant moves for only partial summary judgment on the preference claims.

Defendant relies entirely on the "subsequent new value" defense to support its summary judgment motion on the $1,834,034 of alleged preferential transfers. Id. § 547(c)(4).  The definition of new value is "money or money's worth in goods, services, or new credit . . . but does not include an obligation substituted for an existing obligation." 11 U.S.C. § 541(a).  The subsequent new value defense has three requirements:

> First, the creditor must have received a transfer that is otherwise avoidable as a preference under § 547(b).  Second, <u>after</u> receiving the preferential transfer, the preferred creditor must advance "new value" to the debtor on an unsecured basis.  Third, the debtor must not have fully compensated the creditor for the "new value" as of the date that it filed its bankruptcy petition.

<u>Kroh Bros. Dev. Co. v. Cont'l Constr. Eng'rs (In re Kroh Bros.)</u>, 930 F.2d 648, 652 (8th Cir. 1991) (emphasis in original) (quoting <u>N.Y City Shoes, Inc. v. Bentley Int'l, Inc. (In re N.Y City Shoes, Inc.)</u>, 880 F.2d 679, 680 (3rd Cir. 1989)).  Thus, Defendant can only give subsequent new value after a preferential transfer from the Debtor.  11 U.S.C. § 547(c)(4).

"[S]ection 547(c)(4) seeks to encourage creditors to deal with troubled businesses in the hope of rehabilitation." Kroh Bros., 930 F.2d at 651. Under § 547(c)(4), courts should examine whether the alleged new value replenished the estate. Id. at 652. Trustee argues here that because Debtor used the money Defendant lent Debtor for fraud, any new value from Defendant negatively impacted the estate. Trustee argues that even if the use of the later transfers from Defendant to further Debtor's fraud is not considered, Defendant may only use § 547(c)(4) to offset an extension of new value against the **immediately preceding** preferential transfer. See In re Leathers, 40 B.R. 248, 251 (D. Me. 1984). Defendant argues that this Court should reject Trustee's argument and instead follow the "Garland Rule." In re Thomas W. Garland, Inc., 19 B.R. 920 (Bankr. E.D. Mo. 1982). The "Garland Rule" allows an extension of subsequent new value to apply against **any** preceding preferential transfer. See In re Acoustiseal, Inc., 318 B.R. 521, 525 (Bankr. W.D. Mo. 2004).

Regardless of which rule is applied, there is a substantial dispute on the key facts. The parties disagree about whether Defendant's loans replenished the estate. They disagree about whether notes and security interests held to secure Debtor's obligations had a negative impact on the estate. They disagree about whether Defendant had knowledge of or participated in Debtor's or Rubashkin's fraud.

They disagree about the correlation between loans made and paid off, and the correct method to determine whether the subsequent new value exception applies.

The Court acknowledges that the calculation method for determining new value is a question of law that this Court could resolve on summary judgment. However, the Court need not do so because fact issues still remain no matter what the Court decides. For example, the checks and bank statements in evidence do not show whether Debtor's transfers were paying off loans. Therefore, even if the Court decided which calculation method to apply at this point in the litigation, the Court would be unable to determine which checks to include in the calculation. The Court concludes that, at a minimum, this discrepancy is itself an issue of material fact that should be addressed at trial. Summary judgment is not appropriate on the preference claim on the existing record.

## CONCLUSION

Genuine issues of material fact remain regarding whether the transfers meet the criteria for the reasonably equivalent value defense. Therefore, summary judgment is improper on the fraudulent conveyance claim. Genuine issues of material fact also remain regarding whether the transfers or loans impact the subsequent new value defense. Because genuine issues of material fact remain on the preferential transfer claim, Defendant is not entitled to judgment as a matter of law.

**WHEREFORE**, the Defendant's Motion for Summary Judgment is

**DENIED**.

Dated and Entered:  April 15, 2014

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE